UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JUDI A. DONNELLY, )<br>                Plaintiff, )<br>   vs. )<br> )<br>JO ANNE B. BARNHART, Commissioner )<br> of the Social Security Administration, )<br> )<br>                Defendant. ) | 1:06-cv-740-RLY-TAB |

### Entry Discussing Motion to Dismiss

     This cause is before the court on the complaint of plaintiff Judi Donnelly ("Donnelly"), on the defendant's motion to dismiss, on Donnelly's response, and on the defendant's reply to the response.

     Whereupon the court, having read and examined such complaint, motion, response, and reply, and being duly advised, now finds that the motion to dismiss must be **granted.**[1] This conclusion rests on the following facts and circumstances:

     1.    The Social Security Administration ("SSA") provides a service within its Earnings Operation Division which under some circumstances will forward a letter it receives to a person with a wage earning or other SSA record. Donnelly submitted a request to that Division seeking documents relating to the death (or the whereabouts) of her cousin, James Mullen.

     2.    The SSA initially informed Donnelly via a letter dated March 9, 2006, that it could not forward her letter to Mullen because he had passed away in January 1999. This notice appeared to include Mr. Mullen's Social Security Number. On March 20, 2006, Donnelly submitted a request pursuant to the Freedom of Information Act seeking various information regarding Mr. Mullen.

---

[1] The defendant Commissioner in this action is sued in her official capacity. To facilitate exposition of the question presented, the court has referred to the Commissioner's position as that of the Social Security Administration. The motion to dismiss is filed pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. On motions raising jurisdictional grounds for dismissal, the court can resolve factual disputes if necessary and appropriate. *See English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal,* 859 F.2d 1302, 1310 n.11 (7th Cir. 1988); *Crawford v. United States,* 796 F.2d 924, 928-29 (7th Cir. 1986). Where appropriate, factual determinations may be made on documentary submissions. See id., 796 F.2d at 929. Any rational mode of inquiry will do. *Id.*

3. The SSA conducted a search for documents Donnelly requested. The "team leader" of the Office of Public Disclosure of the SSA performed a search on June 13, 2006, to determine if SSA had any of the records sought by Donnelly. It was determined from this search that the SSA has no record containing any information about a place of death, proof of death, or cause of death for James Mullen. This information (the result of this search) was communicated to Donnelly by letter dated July 14, 2006. The SSA's letter of July 14, 2006, also stated that the prior response (of March 9, 2006) indicating that Mr. Mullen was deceased may have been issued as the result of a "misunderstanding in handling of [her] earlier request." It is likely, though not certain, that the SSA's apology in this regard was directed to the manner in which it processed the earlier request, rather than an indication that the information it had provided was inaccurate.

4. Prior to the search described in paragraph 3 of this Entry, Donnelly filed the present action pursuant to the Freedom of Information Act ("FOIA"). Donnelly alleges in her complaint that the SSA response of March 9, 2006, failed to "show cause why information requested under Freedom of Information Act: ie death certificate copy of file, place of death, cause of death, descendants and spouse of alleged decedent should not be released to relative and family."

5. The FOIA provides jurisdiction in the district courts to "enjoin" an agency, subject to the Act, from "withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *United States Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 145 (1989). "Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Off. of Admin., Exec. Off. of the Pres.,* 26 F.3d 32, 34 (5th Cir. 1994). If an agency has no records responsive to a FOIA request, there is no improper "withholding" of agency records and a district court has no jurisdiction under the FOIA to proceed further. *Id.* at 35.

6. The SSA seeks summary resolution of Donnelly's claim on this jurisdictional basis.

    a. In order to prevail with such an effort, an agency must show that it made a good faith effort to conduct a search for the requested records. *Patterson v. IRS,* 56 F.3d 832, 841 (7th Cir. 1995); *Oglesby v. United States Dept. of the Army,* 920 F.2d 57, 68 (D.C.Cir. 1990). The adequacy of the search is judged by a standard of reasonableness, *Patterson,* 56 F.3d at 842, "in light of the specific request," *Gillin v. IRS,* 980 F.2d 819, 822 (1st Cir. 1992), construing the facts in the light most favorable to the requestor, *Becker v. I.R.S.,* 34 F.3d 398, 405 (7th Cir. 1994).

    b. The reasonableness of an agency's search must "demonstrate that [the agency] has conducted a search reasonably calculated to uncover all relevant documents." *Citizens Comm'n on Human Rights, v. F.D.A.,* 45 F.3d 1325, 1328 (9th Cir. 1995) (quoting *Zemansky v. E.P.A.,* 767 F.2d 569, 571 (9th Cir. 1985)). Notably, "[t]he issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *In re Wade,* 969 F.2d 241, 249 n.11 (7th Cir. 1992).

   c. In this case, the affidavit of Ethel Burrows, the team leader of the Office of Public Disclosure of the SSA, together with the somewhat detailed letter of July 14, 2006, show that the SSA did conduct a search reasonably calculated to uncover all relevant documents. These materials show that Donnelly's request was clearly understood, that the SSA has established policies and practices to administer the FOIA, that the practices were followed by Burrows in her search, and that the search revealed "no record" containing any of the information sought by Donnelly.

   d. The foregoing demonstrates that the SSA did not improperly "withhold" any agency records from Donnelly.

   7. Donnelly replies that Ms. Burrows may not have searched the correct records and that the manner in which the SSA has responded to her inquiries suggests incompetence and negligence. She also states that the SSA has neither proved nor disproved that James Mullen is dead or alive. Addressing these concerns in sequence, they do not permit Donnelly to avoid dismissal. *First,* a requester's "[m]ere speculation that as yet uncovered document may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg v. United States Dept. of Justice, 23 F.3d 548, 552 (D.C.Cir. 1994). *Second,* whatever other circumstances may have existed when the SSA responded to Donnelly previously, the threshold jurisdictional question in this FOIA action is whether the SSA improperly withheld any agency records from Donnelly. The pivotal point for that determination, at least in this case, is whether the SSA made good faith effort to conduct a search for the requested records. *Third,* it is not the SSA's burden, either under the FOIA or in this lawsuit, to prove or disprove that James Mullen is alive. *Finally,* although Donnelly's skepticism regarding the thoroughness of the SSA's search and the accuracy of its response are evident, this is not the measure of an agency's compliance with a request under the FOIA.

   8. The foregoing demonstrates that the SSA did not improperly "withhold" any agency records from Donnelly. The SSA's motion to dismiss is **granted,** and judgment dismissing this action for lack of jurisdiction shall now issue.[2]

   **IT IS SO ORDERED**.

                        RICHARD L. YOUNG, JUDGE
                         United States District Court
Date:  08/28/2006              Southern District of Indiana

---

[2]Donnelly makes occasional references to the Privacy Act, 5 U.S.C. § 552(a). However, the outcome under the Privacy Act would be the same in this case as under the FOIA. While the FOIA permits "any person" to seek access to any "agency record," see 5 U.S.C. § 552, the Privacy Act permits only "an individual" to seek access to only his or her own record, and only if that record is maintained by that agency within a "system of records." See 5 U.S.C. § 552a(d)(1). Thus, while FOIA allows broad access to the information that is covered by that Act, the Privacy Act requires government agencies to disclose information only pertaining to the individual who requests it. *Id.* Donnelly is not James Mullen and does not seek access to her own records from the SSA. The Privacy Act is irrelevant to her requests to the SSA and to her claim in this lawsuit.